UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CASE No. 23-CV-748

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | )<br>) |
| Plaintiff, | )<br>) **COMPLAINT FOR**<br>) **INTERPLEADER** |
| v. | )<br>) |
| JENNIFER M. HARTSELL and<br>PAULETTE T. HARTSELL, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

Pursuant to 28 U.S.C. § 1332(a) and Rule 22 of the Federal Rule of Civil Procedure, Plaintiff Primerica Life Insurance Company pleads as follows:

## PARTIES, JURISDICTION, and VENUE

1. Plaintiff Primerica Life Insurance Company ("Primerica") is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Duluth, Georgia.

2. Robert P. Hartsell (the "Insured") was the insured and owner of the Primerica Life Insurance Policy No. 0420269017 (the "Policy"). The named beneficiary is entitled to the death proceeds under the Policy in the amount of $150,00.00 (the "Benefit") upon the Insured's death.

3. Upon information and belief, Defendant Paulette T. Hartsell is a citizen and resident of Mebane, North Carolina.

4. Upon information and belief, Defendant Jennifer M. Hartsell is a citizen and resident of Graham, North Carolina.

5. Each of the two Defendants claims that she is solely entitled to payment of the Benefit under the Policy.

6. Defendant Paulette T. Hartsell's claim under the Policy is adverse to Defendant Jennifer M. Hartsell's claim under the Policy.

7. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) and Rule 22 of the Federal Rule of Civil Procedure, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and both Defendants are diverse from Primerica.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), because both Defendants reside in this district and in North Carolina.

## BASIS FOR RELIEF

9. Upon information and belief, until their divorce, Defendant Paulette T. Hartsell was married to the Insured, and during their marriage, the Insured named Defendant Paulette T. Hartsell as the primary beneficiary under the Policy.

10. As the primary beneficiary under the Policy, Defendant Paulette T. Hartsell was entitled to receive the Benefit under the Policy following the Insured's death.

11. On August 15, 2012, pursuant to their divorce, the Insured and Defendant Paulette T. Hartsell entered into a Settlement Agreement and Property Settlement (the "Settlement Agreement"), which fully and finally settled all of the property division, support, alimony, claims, and other matters and things that arose with respect to their marriage.

12. Pursuant to the Settlement Agreement, the Insured agreed to maintain in good standing the Policy and to maintain Defendant Paulette T. Hartsell as the sole beneficiary of the Policy for the remainder of her life.

13. On October 29, 2013, the Civil District Court, in Orange County, North Carolina entered a Divorce Order (the "Divorce Order") dissolving the bonds of matrimony between the Insured and Defendant Paulette T. Hartsell.

14. Upon information and belief, after his divorce was finalized, the Insured married Defendant Jennifer M. Hartsell.

15. In or around October 2013, the Insured informed Primerica that Defendant Paulette T. Hartsell had been accessing the Insured's online account with Primerica without the Insured's permission.

16. On or about November 12, 2013, the Insured provided a copy of the Settlement Agreement and Divorce Order to Primerica and agreed to have Primerica restrict access to the Policy, at which point Primerica placed a restriction code on the Policy.

17. By letter dated December 31, 2021 (the "Letter"), the Insured requested to remove the restriction code on the Policy so that he could view his information online.

18. On or about January 7, 2022, in response to the Letter, Primerica approved the removal of the restriction code on the Policy for the purpose stated in the Letter.

19. On or about August 16, 2022, while the restriction code was lifted from the Policy and unbeknownst to Primerica, the Insured uploaded a Multipurpose Change Form from Primerica's online system, requesting that Defendant Jennifer M. Hartsell be named as the primary beneficiary under the Policy, in violation of the terms of the Settlement Agreement.

20. On or about August 16, 2022, Primerica issued an automated letter documenting the Insured's changes to the Policy.

21. The Insured died on or about April 9, 2023.

22. On or about April 11, 2023, Defendant Paulette T. Hartsell called Primerica about the Insured's death. That same day, Primerica attempted to send the claim forms to Defendant Paulette T. Hartsell's e-mail address.

23. On or about April 18, 2023, Primerica also sent the claim forms to Defendant Jennifer M. Hartsell after an initial review of the Policy.

24. On or about April 18, 2023, Defendant Jennifer M. Hartsell called Primerica, inquiring as to who called in the claim under the Policy.

25. That same day, Defendant Paulette T. Hartsell called Primerica about submitting a claim to Primerica for payment of the Benefit under the Policy. Primerica informed Defendant Paulette T. Hartsell that it could not release information about the Policy to Defendant Paulette T. Hartsell because she was not listed as the beneficiary under the Policy. Defendant Paulette T. Hartsell advised Primerica that she should be listed as the beneficiary in accordance with the Settlement Agreement.

26. On or about May 12, 2023, Defendant Jennifer M. Hartsell submitted a Claimant's Statement to Primerica, seeking payment of the Benefit under the Policy.

27. On or about June 20, July 19, and August 1, 2023, Defendant Jennifer M. Hartsell called Primerica about Primerica processing her claim for payment of the Benefit under the Policy.

28. On or about July 24, 2023, Primerica sent the claim forms to Defendant Paulette T. Hartsell's corrected e-mail address.

29. By virtue of the adverse claims that have been asserted by Defendants, Primerica is threatened with multiple litigations in multiple forums with possible inconsistent results. Primerica is also threatened with the burden and expense of such litigations.

30. Primerica claims no interest in the Benefit under the Policy, and is now and always has been ready, able, and willing to pay any person who may be lawfully entitled to receive the Benefit under the Policy. However, Primerica is unable to determine with safety to itself what Defendant is entitled to the Benefit under the Policy.

31. Primerica stands ready to deposit the Benefit, plus any applicable interest, with the Court.

32. Contemporaneous with the filing of this Complaint, Primerica files its motion for leave to deposit funds with the Court.

33. Primerica alleges further that it should not be compelled to become involved in the dispute between Defendants.

WHEREFORE, Primerica prays for the following relief:

A. That the Court grant Primerica the authority to deposit into the registry of the Court the Benefit amount of $150,000.00, plus applicable interest;

B. That all Defendants, without any participation of Primerica whatsoever, be compelled to appear, settle, and adjust their demands for the Benefit under the Policy between themselves, and/or provide evidence to the Court regarding their claims to the Benefit under the Policy, and that the Court order the Clerk of Court to make payment to the Defendant to whom the Court determines the Benefit under the Policy shall rightfully belong;

C. That Defendants, and each of them, their agents, attorneys, assignees, or anyone acting in concert with them, be enjoined and restrained temporarily and permanently from instituting, maintaining, or prosecuting any suit at law or equity, or any action or arbitration of any kind whatsoever, against Primerica and/or its agents with respect to the Policy, the Benefit under the Policy or any matter related thereto or to the Policy;

D. That Primerica be dismissed from this action and discharged from further liability under the Policy;

E. That Primerica recover its costs and attorneys' fees incurred as a result of this action; and

F.       That Primerica have such further relief as the Court may deem proper.


This the 31st day of August, 2023.

/s/ Anthony T. Lathrop
Anthony T. Lathrop
N.C. State Bar No. 15941
Catherine R. Prater
N.C. State Bar No. 56572
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
(704) 331-1000
tonylathrop@mvalaw.com
catherineprater@mvalaw.com

*Counsel for Primerica Life Insurance Company*